IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JESUS WIRICHAGA-LANDAVAZO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>Civil Case No. 2:16-CV-727 TS<br>Criminal Case No. 2:14-CR-517 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

I.  BACKGROUND

On October 8, 2014, Petitioner was charged with conspiracy to distribute methamphetamine, possession of methamphetamine with intent to distribute, using and carrying a firearm during and in relation to drug trafficking crime, felon in possession of a firearm and ammunition, and re-entry of a previously removed alien. Petitioner pleaded guilty to conspiracy to distribute methamphetamine and re-entry of a previously removed alien. Petitioner was sentenced on May 5, 2015, to a term of 180 months' imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

Petitioner filed the instant Motion on June 27, 2016. Petitioner argues that his sentence is unconstitutional in light of *Johnson v. United States*.[1]

---

[1] 135 S. Ct. 2551 (2015).

1

## II.  DISCUSSION

The Supreme Court in *Johnson* considered the validity of the Armed Career Criminal Act ("ACCA").  The ACCA, 18 U.S.C. § 924(e), provides for increased penalties for a person who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense.  The Act defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[2]

The first part of the definition—"has as an element the use, attempted use, or threatened use of physical force against the person of another"—is known as the force clause.  The second portion—"burglary, arson, extortion, or crimes involving the use of explosives"—is the enumerated offenses provision.  The last clause—crimes that otherwise involve conduct that presents a serious potential risk of physical injury to another—is called the residual clause.  In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague.[3]  However, the Court stated that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent

---

[2] 18 U.S.C. § 924(e)(2)(B).

[3] *Johnson*, 135 S. Ct. at 2563.

felony."[4]  The Supreme Court in *Welch v. United States*,[5] held that *Johnson*'s constitutional holding applied retroactively to cases on collateral review.

Petitioner argues that his sentence is unconstitutional in light of *Johnson*.  But, simply stated, *Johnson* does not apply.  Petitioner did not receive an enhancement that is called into question by that case.  Petitioner received a two-level enhancement for possession of a dangerous weapon and a four-level enhancement for being a organizer or leader.  Neither enhancement is implicated by *Johnson*'s invalidation of the residual clause of the ACCA.

Petitioner asserts that he should not have received an enhancement under Guideline Section 2L1.2(b)(1)(A)(ii).[6]  This provision provides for an enhanced sentence if a defendant has a prior "crime of violence."  Even assuming this provision is invalid under *Johnson*, Petitioner did not receive an enhancement under this section.

Petitioner also appears to challenge the criminal history points added as a result of prior convictions for theft and forgery.  This points were applied as a result of applying Guideline Section 4A1.1(a).  This section does not contain any language resembling the residual clause that was found unconstitutional by *Johnson*.  Therefore, *Johnson* provided Petitioner no relief.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:16-CV-727 TS) is DENIED.  It is further

---

[4] *Id.*

[5] 136 S. Ct. 1257 (2016).

[6] Petitioner cites to USSG § 2L1.2(b)(1)(A)(iii), but the Court presumes he meant § 2L1.2(b)(1)(A)(ii).

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required. It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:16-CV-727 TS forthwith.

DATED this 3rd day of January, 2017.

BY THE COURT:

_____
Ted Stewart
United States District Judge